FRED L. EMMONS, INCORPORATED, et al., complainants,

*v.*

UNION INDEMNITY COMPANY, defendant.

On the appeal of HELEN WALTON, petitioner-appellant.

[Submitted October 20th, 1936.   Decided January 28th, 1937.]

*Messrs. McDermott, Enright & Carpenter (Mr. Carl S. Kuebler,* of counsel), for the defendant, Jacob L. Newman, receiver of Union Indemnity Company.

*Mr. Vincent T. Dee,* for the petitioner-appellant.

RAFFERTY, J.

This is an appeal from an order of the court of chancery dismissing an order directing the receiver of the Union

Indemnity company to show cause why certain moneys claimed to belong to Helen Walton, appellant, and to have been wrongfully paid to the receiver of Union Indemnity Company, should not be paid to appellant.

On December 31st, 1931, Carey Bros., an agency, was indebted to Union Indemnity Company for premiums collected for and on behalf of the company. Prior to December 31st, 1931, Union Indemnity Company had instructed its attorneys to enforce by legal action the collection of its claim against Carey Bros. On the date mentioned the claim against Carey Bros., not having been collected, was, together, with other claims belonging to Union Indemnity Company, sold and assigned by the indemnity company to another corporation. The purchasing corporation, in January, 1933, passed into the hands of receivers, who, under appropriate court order, sold its assets, among which was the claim against Carey Bros., purchased from Union Indemnity Company, as before stated, and by a series of assignments, title to this claim, in August, 1935, came into the possession of appellant.

In January, 1933, a receiver was appointed for Union Indemnity Company and in April, 1933, the attorneys in charge of the collection of the claim for Union Indemnity Company delivered over to the receiver of that company the proceeds thereof. Demand was made upon the receiver of the indemnity company for the moneys so paid, which demand was refused.

Appellant instituted her action to require the receiver of the indemnity company to pay over to her the fund thus established and upon the return of an order to show cause why the receiver should not so do, the learned vice-chancellor dismissed the same on the ground that appellant was estopped from asserting her claim to the fund in question by reason of laches.

The facts above outlined are not disputed, except that the receiver of the indemnity company contends that he had no knowledge of any assignment of the claim until the filing, on April 21st, 1936, of the petition below and the affidavits annexed thereto and contends that inasmuch as the attorneys for Union Indemnity Company were permitted to continue

to its conclusion the collection of the claim, that appellant thereby became a creditor of the Union Indemnity Company and was under an obligation to file a proof of claim with the receiver; that, appellant not having filed such claim and a decree barring creditors of the indemnity company having been entered on December 4th, 1934, appellant was in laches and that the order of the court of chancery should be affirmed.

Notwithstanding the lack of information claimed by the receiver, it satisfactorily appears that communications were addressed to the receiver and to his attorneys, who, it may be said in passing, were the attorneys to whom the indemnity company referred the claim for collection, advising them that this claim had been sold by Union Indemnity Company on December 31st, 1931, and was not an asset of that company. The fact that the attorneys continued in the collection of the claim is without importance. Their duty as to the disposition of the fund in their hands is not before us. In so far as this action is concerned it is sufficient to treat the payment to the receiver as being a payment made under mistake of fact.

The failure to file proof of debt and the existence of the decree barring creditors cannot avail the receiver. Certainly appellant or her predecessors in title had no claim against Union Indemnity Company, which company had divested itself of title and possession to the claim in 1931. Counsel cites no authority nor advances any argument to indicate in what manner the purchasers or their assigns thereby became creditors of the indemnity company.

The claim of laches is likewise unavailing. Mere lapse of time without other prejudice is not sufficient to establish laches. *Hinners* v. *Banville, 114 N. J. Eq. 348,* and cases there cited. It is not here shown that any unexplained or unexcused lapse of time occurred or that any other prejudice occurred to the receiver. Rather to the contrary, appellant acted with reasonable diligence in presenting and pursuing her claim and, without more, it is not to be inferred that the possession of the fund by the receiver has been harmful to him.

The order appealed from is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   13.